CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendants,
 Ann Klein Forensic Center, Ancora
 Psychiatric Hospital, Dr. Elaine Martin,
 Linda Elias, Dr. Dariusz Chacinski, Dr.
 Benito Marty, and Dr. Safeer Ansari

By: Gregory J. Sullivan (015471992)
    Deputy Attorney General
    609.292.4131
    Gregory.Sullivan@law.njoag.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Linda Pratt, as guardian ad litem of Tarik Pratt, an incompetent person,<br><br>Plaintiff,<br><br>v.<br><br>Ann Klein Forensic Center, Ancora Psychiatric Hospital, Dr. Elaine Martin, Linda Elias, Dr. Dariusz Chacinski, Dr. Benito Murphy, Unknown Ann Klein Admissions Unit Doctor 2015, Dr. Safeer Ansari, Ann Klein Doctors 1-10, Ann Klein Staff/Administrators 1-10, Ancora Doctors 1-10, and Ancora Staff/Administrators 1-10,<br><br>Defendants. | **NOTICE OF REMOVAL** |

This Notice of Removal having been opened to the Court by

counsel, Deputy Attorney General Gregory J. Sullivan appearing, for

defendants, Ann Klein Forensic Center, Ancora Psychiatric Hospital, Dr. Elaine Martin, Linda Elias, Dr. Dariusz Chacinski, Dr. Benito Marty, and Dr. Safeer Ansari:

1.   Ann Klein Forensic Center, Ancora Psychiatric Hospital, Dr. Elaine Martin, Linda Elias, Dr. Dariusz Chacinski, Dr. Benito Marty, and Dr. Safeer Ansari (hereinafter "Ann Klein") are defendants in a civil action brought in the Superior Court of New Jersey, Law Division, Mercer County, entitled Pratt v. Ann Klein Forensic Center et al. and bearing Mercer County Docket Number MER-1578-17.

2.   The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.   This action is removable to the District Court pursuant to 28 U.S.C. § 1441(a).

4.   Counts 1 through III of the complaint plead federal causes of action.

5.   The summons and complaint, filed with the Superior Court of New Jersey, Law Division, Mercer County on August 15, 2017 (attached as Exhibit A) was served on Ann Klein on or about August 15, 2017.

6.   A copy of the summons and complaint was forwarded to counsel on or about August 22, 2017.  This documentation constituted the first notice to Ann Klein that plaintiff are asserting federal claims that would permit removal to federal

court.

7.   This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1) and (3), allowing Ann Klein to remove, in accordance with 28 U.S.C. § 1331, on the basis of federal-question jurisdiction, since it is filed within thirty (30) days of receipt by Ann Klein of a copy of the summons and complaint and within thirty (30) days of the receipt by counsel for defendants of the summons and complaint.

8.   There is a similar case arising out of the same facts already before the Court under Civil Action No. 15-5779.

9.   The summons and complaint constitute all pleadings and orders received by Ann Klein in this action.

WHEREFORE, Ann Klein respectfully requests that the action now pending in the Superior Court of New Jersey, Law Division, Mercer County, bearing Mercer County Docket Number MER-L-1578-17, entitled Pratt v. Ann Klein Forensic Center et al., be removed to this Court.

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY


By:/s/ GREGORY J. SULLIVAN
    Gregory J. Sullivan
    Deputy Attorney General


Dated: September 6, 2017

EXHIBIT A

Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, Linda Pratt

---

|   |   |
|---|---|
| LINDA PRATT, as guardian ad litem of<br>TARIK PRATT, an incompetent person, | Superior Court of New Jersey<br>Law Division: Mercer County |
| Plaintiff | Docket No.  MER-L-001578-17 |
| v. |   |
| ANN KLEIN FORENSIC CENTER, ANCORA<br>PSYCHIATRIC HOSPITAL, DR. ELAINE MARTIN,<br>LINDA ELIAS, DR. DARIUSZ CHACINSKI,<br>DR. BENITO MARTY, UNKNOWN ANN KLEIN<br>ADMISSIONS UNIT DOCTOR 2015,<br>DR. SAFEER ANSARI, ANN KLEIN DOCTORS 1-10,<br>ANN KLEIN STAFF/ADMINISTRATORS 1-10, ANCORA<br>DOCTORS 1-10, and ANCORA STAFF/ADMINISTRATORS<br>1-10, | Civil Action<br>*1 9 - 2946*<br>**COMPLAINT** |
| Defendants |   |

LINDA PRATT, as guardian ad litem of TARIK PRATT, an incompetent person, residing at 3414
Avalon Court in the Township of Voorhees, County of Camden, and State of New Jersey, by way
of Complaint against the above-named Defendants, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, LINDA PRATT, resides at 3414 Avalon Court in the Township of Voorhees,
   County of Camden, and State of New Jersey.

2. Plaintiff, LINDA PRATT, is the natural mother of TARIK PRATT, an incompetent person.

3. TARIK PRATT, an incompetent person, resides at 3414 Avalon Court in the Township of

Voorhees, County of Camden, and State of New Jersey.

4. Defendant, ANN KLEIN FORENSIC CENTER, is an institution located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

5. Defendant, ANCORA PSYCHIATRIC HOSPITAL, is an institution located at 301 Spring Garden Road, in Hammonton, County of Camden, and State of New Jersey.

6. Defendant, DR. ELAINE MARTIN, sued in her individual capacity, is on staff at Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

7. Defendant, LINDA ELIAS, sued in her individual capacity, was deputy chief executive officer in charge of security of Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

8. Defendant, DR. DARIUSZ CHACINSKI, sued in his individual capacity, is on staff at Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

9. Defendant, DR. BENITO MARTY, sued in his individual capacity, is on staff at Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

10. Defendant, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, sued in his/her individual capacity, is an individual whose true identity is unknown, and who is on staff at Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in

2

West Trenton, County of Mercer, and State of New Jersey.

11. Defendant, DR. SAFEER ANSARI, sued in his individual capacity, is on staff at ANCORA PSYCHIATRIC HOSPITAL, located at 301 Spring Garden Road, in Hammonton, County of Camden, and State of New Jersey.

12. Defendants, ANN KLEIN DOCTORS 1-10, sued in their individual capacities, are fictitious individuals who are on staff at Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

13. Defendants, ANN KLEIN STAFF/ADMINISTRATORS 1-10, sued in their individual capacities, are fictitious individuals who are on staff at Defendant, ANN KLEIN FORENSIC CENTER, located at 1609 Stuyvesant Avenue, in West Trenton, County of Mercer, and State of New Jersey.

14. Defendants, ANCORA DOCTORS 1-10, sued in their individual capacities, are fictitious individuals who are on staff at ANCORA PSYCHIATRIC HOSPITAL, located at 301 Spring Garden Road, in Hammonton, County of Camden, and State of New Jersey.

15. Defendants, ANCORA STAFF/ADMINISTRATORS 1-10, sued in their individual capacities, are fictitious individuals who are on staff at Defendant, ANCORA PSYCHIATRIC HOSPITAL, located at 301 Spring Garden Road, in Hammonton, County of Camden, and State of New Jersey.

3

COUNT I

SPEECH AND PETITION RIGHTS VIOLATIONS UNDER 42 U.S.C SECTION 1983 AND NJCRA

AGAINST ANN KLEIN INDIVIDUAL DEFENDANTS

1. TARIK PRATT, an incompetent person, is 39 years of age.

2. TARIK PRATT, an incompetent person, is a traumatically brain-injured individual.

3. TARIK PRATT, an incompetent person, suffered a traumatic brain injury prior to the age of 22.

4. TARIK PRATT, an incompetent person, is a disabled individual.

5. TARIK PRATT, an incompetent person, was at all pertinent times hereto an involuntarily civilly committed person under the laws of the State of New Jersey.

6. Plaintiff, LINDA PRATT, consents to act as guardian ad litem for TARIK PRATT, an incompetent person.

7. There is an absence of a conflict of interest between Plaintiff, LINDA PRATT, and TARIK PRATT, an incompetent person.

8. On or about June 2, 2011, TARIK PRATT, an incompetent person, was transferred by direction of the State of New Jersey, by and through its employees, to Defendant, ANN KLEIN FORENSIC CENTER, a state psychiatric institution, and came under the charge or care of Defendant, DR. DARIUSZ CHACINSKI.

4

9. Prior to June 2, 2011, TARIK PRATT, an incompetent person, was stable on his medication regimen of Prolixin, Seroquel, and Benadryl.

10. Upon admission to Defendant, ANN KLEIN FORENSIC CENTER, TARIK PRATT, an incompetent person, was inappropriately labeled as a person diagnosed with schizophrenia, without independently being put through the time course protocol for being diagnosed with schizophrenia, by a psychiatrist of Defendant, ANN KLEIN FORENSIC CENTER.

11. Subsequently, the diagnosis of schizophrenia stuck to the chart of TARIK PRATT, an incompetent person, and was relied upon by psychiatrists of the Defendant, ANN KLEIN FORENSIC CENTER, in the prescription of medication which was inappropriate and unwarranted since it was for the treatment of schizophrenia, which TARIK PRATT, an incompetent person, had not been independently confirmed to have through a time course study.

12. Prior to August 25, 2011, TARIK PRATT, an incompetent person, was stable on his medication regimen of Prolixin and Seroquel for psychosis, Cogentin for extrapyramidal symptoms, Neurontin for impulsivity, and Depakene for mood as a patient at Defendant, ANN KLEIN FORENSIC CENTER.

13. Upon being a resident of Defendant, ANN KLEIN FORENSIC CENTER, for approximately seven weeks, TARIK PRATT, an incompetent person, had his medication regimen changed to include Thorazine, a psychotropic drug, for psychosis, beginning on August 25, 2011 by Defendant, DR. DARIUSZ CHACINSKI.

14. The prescription of Thorazine by Defendant, DR. DARIUSZ CHACINSCI, to TARIK PRATT, an incompetent person, was inappropriate, unnecessary, not in the patient's best interests and inconsistent with his being in the least restrictive environment.

15. The prescription of medication by Defendant, DR. DARIUSZ CHACINSKI, to TARIK PRATT, an incompetent person, was purposefully done by way of an illegal motive and any allegedly legitimate reasons given are pretense for an illegal act.

16. As a direct and proximate result of his ingestion of medication prescribed by Defendant, DR. DARIUSZ CHACINSKI, TARIK PRATT, an incompetent person, became highly drugged up, sedated and overmedicated, much to his detriment.

17. On September 16, 2011, at 6:23 PM, TARIK PRATT, an incompetent person, in a heavily overmedicated state, was persuaded by another service recipient, Theodore Green, to perform a sexual act upon him, which occurred in Room 23, Unit Five of Defendant, ANN KLEIN FORENSIC CENTER.

18. As a direct and proximate consequence of his performance of a sexual act upon fellow service recipient Theodore Green, TARIK PRATT, an incompetent person, was transferred to the intensive care unit by direction of the Defendant, DR. DARIUSZ CHACINSKI, or the Defendant, ANN KLEIN DOCTORS 1-10.

19. As a further direct and proximate consequence of his performance of a sexual act upon fellow service recipient Theodore Green, TARIK PRATT, an incompetent person, was directed to be placed in seclusion plus observation by the Defendant, DR. DARIUSZ CHACINSKI, or the Defendant, ANN KLEIN DOCTORS 1-10.

20. The transfer to the intensive care unit and placement in seclusion plus observation of TARIK PRATT, an incompetent person, were punishment and as such were purposefully done by way of an illegal motive by Defendant, DR. DARIUSZ CHACINSKI, or by Defendant, ANN KLEIN DOCTORS 1-10, and any allegedly legitimate reasons given are pretense for an illegal act.

21. On October 3, 2011, Plaintiff, LINDA PRATT, called Defendant, ANN KLEIN FORENSIC CENTER, and spoke to Defendant, LINDA ELIAS.

22. While on the call, Plaintiff, LINDA PRATT, expressed to Defendant, LINDA ELIAS, her opinion that the September 16, 2011 incident involving TARIK PRATT, an incompetent person (a) resulted from neglect by the staff (b) should not have happened [if the staff had been more watchful] (c) resulted from TARIK PRATT, an incompetent person, being overmedicated at the time, and (d) should not have happened if TARIK PRATT, an incompetent person, had been on special precautions.

23. The October 3, 2011 call by Plaintiff, LINDA PRATT, was protected activity.

24. By letter dated October 28, 2011, an attorney retained by Plaintiff, LINDA PRATT, requested that Defendant, ANN KLEIN FORENSIC CENTER, provide him with reports and information regarding the September 16, 2011 incident within five days of the date of his letter.

25. The conveyance of the October 28, 2011 letter on behalf of Plaintiff, LINDA PRATT, was protected activity.

7

26. Subsequently, Defendant, LINDA ELIAS, was heard to say to Plaintiff, LINDA PRATT, "oh so you have an attorney now" or words to that effect in a sarcastic tone.

27. On or about October 31, 2011, TARIK PRATT, an incompetent person, was transferred to the intensive care unit by direction of the Defendant, LINDA ELIAS, or the Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10.

28. At or about the same time, TARIK PRATT, an incompetent person, was placed in seclusion plus observation by direction of the Defendant, LINDA ELIAS, or the Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10.

29. Transfer to the intensive care unit and placement in seclusion plus observation require a staff psychiatrist's order.

30. TARIK PRATT, an incompetent person's chart is missing a staff psychiatrist's order for his transfer to the intensive care unit and placement in seclusion plus observation on or about October 31, 2011.

31. The transfer to the intensive care unit and the placement in seclusion plus observation of TARIK PRATT, an incompetent person, on or about October 31, 2011 were retaliation for the call of October 3, 2011 and the attorney letter of October 28, 2011, by direction of the Defendant, LINDA ELIAS, or the Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, and any allegedly legitimate reasons given are pretense for an illegal act.

32. Plaintiff, LINDA PRATT, served a Notice of Tort Claim pursuant to Title 59 of the New Jersey statutes on the Defendant, ANN KLEIN FORENSIC CENTER, and other State of New Jersey entities, dated December 6, 2011.

33. The service of a Notice of Tort Claim by Plaintiff, LINDA PRATT, was protected activity.

34. The continuing placement of TARIK PRATT, an incompetent person, in the intensive care unit and in seclusion plus observation together with overmedication and other acts of abuse more fully set forth *infra* were retaliation for the call of October 3, 2011, the attorney letter of October 28, 2011, and the service of the Notice of Tort Claim dated December 6, 2011, purposefully directed by way of an illegal motive by Defendant, LINDA ELIAS, or Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, and any allegedly legitimate reasons given are pretense for an illegal act.

35. Plaintiff, LINDA PRATT, brings suit on this Count and on subsequent Counts under 42 U.S.C. Section 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c).

36. The conduct complained of herein was by person(s) acting under color of state law.

37. The aforesaid conduct complained of in this Count by Defendant, LINDA ELIAS, or Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, denied TARIK PRATT, an incompetent person, a right to have his mother advocate for him under the Speech and Petition clauses of the First Amendment to the Constitution of the United States and under Article I, Paragraphs 6 and 18 of the Constitution of the State of New Jersey.

38. The aforesaid conduct complained of in this Count by Defendant, LINDA ELIAS, or by Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, was sufficient to deter a person of ordinary firmness from exercising the right, as set forth in this Count *supra*.

39. The aforesaid conduct complained of in this Count by Defendant, LINDA ELIAS, or by

9

Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, was motivated by retaliation and caused by protected activity.

40. The aforesaid conduct complained of in this Count by Defendant, LINDA ELIAS, or by Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, had more than a *de minimus* impact on TARIK PRATT, an incompetent person's constitutional right.

41. As a direct and proximate result of the retaliation for the assertion of a constitutional right by Defendant, LINDA ELIAS, or by Defendant, ANN KLEIN STAFF/ADMINISTRATORS 1-10, as aforesaid, TARIK PRATT, an incompetent person, suffered from punishment, seclusion, restraints, restrictions, loss of freedom of movement, physical injury from beatings, contraction of MRSA, disease and infection from lack of hygiene, extreme cold, visual loss from the loss of his prescription eyeglasses, acne, disorientation and alteration of his mental state from overmedication on psychotropic drugs, weight loss, emotional distress and mental anguish.

WHEREFORE, Plaintiff, LINDA PRATT, seeks judgment against Defendants, LINDA ELIAS and ANN KLEIN STAFF/ADMINISTRATORS 1-10, on this Count for damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

COUNT II

DUE PROCESS VIOLATIONS UNDER 42 U.S.C. SECTION 1983 AND NJCRA AGAINST INDIVIDUAL ANCORA DEFENDANTS

1. Plaintiff, LINDA PRATT, repeats the allegations of Count I in its entirety, and incorporates the same by reference as if fully set forth at length herein.

2. On or about May 8, 2015, TARIK PRATT, an incompetent person, was transferred at the direction of the State of New Jersey, by and through its employees, from ANN KLEIN FORENSIC CENTER.

3. At the time of his transfer from Defendant, ANN KLEIN FORENSIC CENTER, TARIK PRATT, an incompetent person, was cleared and approved for transfer by the medical staff of ANN KLEIN FORENSIC CENTER.

4. At the time of his transfer from Defendant, ANN KLEIN FORENSIC CENTER, TARIK PRATT, an incompetent person, was on a medication regimen of Prolixin and Geodon for psychosis, Cogentin for extrapyramidal symptoms, and Lithium Carbonate for mood.

5. On or about May 8, 2015, TARIK PRATT, an incompetent person, was transferred at the direction of the State of New Jersey, by and through its employees, to Defendant, ANCORA PSYCHIATRIC HOSPITAL and came under the charge or care of Defendant, DR. SAFEER ANSARI.

6. Subsequent to coming under the charge or care of Defendant, DR. SAFEER ANSARI, TARIK PRATT, an incompetent person, had his medication regimen changed based on order or direction by the Defendant, DR. SAFEER ANSARI, or the Defendant, ANCORA DOCTORS 1-10.

11

7. The medication change based on the order or direction by the Defendant, DR. SAFEER ANSARI, or the Defendant, ANCORA DOCTORS 1-10, occurred at an unknown point in time during the inpatient stay of TARIK PRATT, an incompetent person, at Defendant, ANCORA PSYCHIATRIC HOSPITAL.

8. The aforesaid medication change was not documented because the records which would ordinarily document such a change were falsified, in a deliberate attempt to cover up such medication change, by the Defendant, DR. SAFEER ANSARI.

9. As a direct and proximate result of such falsification of records by the Defendant, DR. SAFEER ANSARI, such medication change cannot be located in the records of the patient for this inpatient stay.

10. The medication regimen change ordered by the Defendant, DR. SAFEER ANSARI, or the Defendant, ANCORA DOCTORS 1-10, was to Thorazine, Prolixin, and Geodon for psychosis, Cogentin for extrapyramidal symptoms, Lithium Carbonate for mood, Vistaril for anxiety, Topamax for mood stabilization, and Trazodone for insomnia.

11. Since this medication change cannot be located in the records of the patient for this inpatient stay at Defendant, ANCORA PSYCHIATRIC HOSPITAL, reliance for the documentation of this medication change must be placed on the records of the Defendant, ANN KLEIN FORENSIC CENTER, for an admission of October 28, 2015.

12. The aforesaid medication change during the inpatient stay at ANCORA PSYCHIATRIC HOSPITAL by direction of Defendant, DR. SAFEER ANSARI, or Defendant,

12

ANCORA DOCTORS 1-10, was inappropriate, unnecessary, not in the patient's best interests and inconsistent with his being in the least restrictive environment.

13. The aforesaid medication change by direction of Defendant, DR. SAFEER ANSARI, or Defendant, ANCORA DOCTORS 1-10, was purposefully done by way of an illegal motive and any allegedly legitimate reasons given are pretense for an illegal act.

14. As a direct and proximate result of his ingestion of medication prescribed by Defendant, DR. SAFEER ANSARI, or Defendant, ANCORA DOCTORS 1-10, TARIK PRATT, an incompetent person, became highly drugged up, sedated and overmedicated on psychotropic drugs, much to his detriment, for he subsequently showed deterioration.

15. The acts complained of in this Count by Defendants, DR. SAFEER ANSARI and ANCORA DOCTORS 1-10, denied TARIK PRATT, an incompetent person, of his right to due process under the Fourteenth Amendment to the Constitution of the United States and Article I Paragraph I of the Constitution of the State of New Jersey.

16. As a direct and proximate result of the denial of his constitutional right to due process by Defendants, DR. SAFEER ANSARI and ANCORA DOCTORS 1-10, as aforesaid, TARIK PRATT, an incompetent person, suffered from punishment, seclusion, restraints, restrictions, loss of freedom of movement, physical injury from beatings, contraction of MRSA, disease and infection from lack of hygiene, extreme cold, visual loss from loss of his prescription eyeglasses, acne, disorientation and alteration of his mental state from overmedication on psychotropic drugs, weight loss, emotional distress and mental anguish.

WHEREFORE, Plaintiff, LINDA PRATT, seeks judgment against Defendants, DR. SAFEER ANSARI and ANCORA DOCTORS 1-10 on this Count for damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

COUNT III

DUE PROCESS VIOLATIONS UNDER 42 U.S.C. SECTION 1983 AND THE NJCRA AGAINST INDIVIDUAL ANN KLEIN DEFENDANTS

1. Plaintiff, LINDA PRATT, repeats the allegations of Counts I-II in their entirety, and incorporates the same by reference as if fully set forth at length herein.

2. On or about October 28, 2015, TARIK PRATT, an incompetent person, was transferred at the direction of the State of New Jersey, by and through its employees, to Defendant, ANN KLEIN FORENSIC CENTER, and came under the care and charge of Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN.

3. Upon admission to Defendant, ANN KLEIN FORENSIC CENTER, Defendant, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, came to be informed of the true medication regimen which TARIK PRATT, an incompetent person, was on when he was transferred from Defendant, ANCORA PSYCHIATRIC HOSPITAL.

4. Defendant, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, documented the true medication regimen which TARIK PRATT, an incompetent person, was on, see Count II Paragraphs 10-11, *supra*.

14

5.   Subsequently, through reference to the patient's chart, Defendants, DR. BENITO MARTY and DR. ELAINE MARTIN, were informed of the true medication regimen which TARIK PRATT, an incompetent person, was on.

6.   Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN also were informed or should have been informed of TARIK PRATT, an incompetent person's admission and discharge from ANN KLEIN FORENSIC CENTER on May 8, 2015, since they had access to that chart.

7.   Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN should have taken notice of the significant alteration in TARIK PRATT, an incompetent person's prescription medication in between May 8, 2015 and October 28, 2015.

8.   Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN should further have taken notice of the benefits TARIK PRATT, an incompetent person, was getting from his medication regimen at his May 8, 2015 discharge.

9.   Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN should further have taken notice of the deleterious effects on TARIK PRATT, an incompetent person, of Thorazine during his admission ending May 8, 2015.

10.  Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO

15

MARTY, and DR. ELAINE MARTIN should have realized beginning on October 28, 2015 that something was wrong with TARIK PRATT, an incompetent person's medication regimen and that corrective action was needed.

11. Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN, failed to take corrective action regarding TARIK PRATT, an incompetent person's medication regimen while he was under their care.

12. The failure of the Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN to take corrective action, as aforesaid, was inappropriate, not in the patient's best interests and inconsistent with his being in the least restrictive environment.

13. The failure of the Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN to take corrective action, as aforesaid, was purposefully done by way of an illegal motive and any allegedly legitimate reasons given are pretense for an illegal act.

14. As a direct and proximate result of his ingestion of medication prescribed by the Defendants, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. BENITO MARTY, and DR. ELAINE MARTIN, TARIK PRATT, an incompetent person, became highly drugged up, sedated and overmedicated, much to his detriment, and existed in an altered and deteriorated state of mind.

15. Acts perpetrated during the course of both admissions by Defendants, DR. ELAINE MARTIN, LINDA ELIAS, DR. DARIUSZ CHACINSKI, DR. BENITO MARTY, UNKNOWN

ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, ANN KLEIN DOCTORS 1-10, and ANN

KLEIN STAFF/ADMINISTRATORS 1-10, included overmedication on psychotropic

drugs; transfer to the more restrictive intensive care wing of ANN KLEIN FORENSIC

CENTER; being held in seclusion; denial of visitors; subjection to restraints;

subjection to starvation; subjection to malnutrition; subjection to darkness;

subjection to cold; subjection to unsanitary conditions; denial of hygiene; denial of

medical care; beatings and physical abuse at the hands of staff members; urination

upon his person by staff members; staff members would hold him while other

committed persons beat him, physically abused him, or stomped on his prescription

eyeglasses; constant refusal to provide him with prescription eyeglasses and/or

replace his broken prescription eyeglasses at the cost of Defendant, ANN KLEIN

FORENSIC CENTER, when his prescription eyeglasses were broken or stomped on by

other committed persons at Defendant, ANN KLEIN FORENSIC CENTER.

16. The aforesaid conduct complained of in this Count and in the First Count by

Defendants, DR. ELAINE MARTIN, LINDA ELIAS, DR. DARIUSZ CHACINSKI, DR. BENITO

MARTY, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, ANN KLEIN

DOCTORS 1-10, and ANN KLEIN STAFF/ADMINISTRATORS 1-10, denied TARIK PRATT,

an incompetent person, of his right to due process under the Fourteenth

Amendment to the Constitution of the United States and Article I, Paragraph I of the

Constitution of the State of New Jersey.

17

17. As a direct and proximate result of the deprivation of his constitutional right to due process by Defendants, DR. ELAINE MARTIN, LINDA ELIAS, DR. DARIUSZ CHACINSKI, DR. BENITO MARTY, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, ANN KLEIN DOCTORS 1-10 and ANN KLEIN STAFF/ADMINISTRATORS 1-10, TARIK PRATT, an incompetent person, suffered from punishment, seclusion, restraints, restrictions, loss of freedom of movement, physical injury from beatings, contraction of MRSA, disease and infection from lack of hygiene, extreme cold, visual loss from the loss of his prescription eyeglasses, acne, disorientation and alteration in his mental state from overmedication on psychotropic drugs, weight loss, emotional distress and mental anguish.

WHEREFORE, Plaintiff, LINDA PRATT, seeks judgment against Defendants, DR. ELAINE MARTIN, LINDA ELIAS, DR. DARIUSZ CHACINSKI, DR. BENITO MARTY, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, ANN KLEIN DOCTORS 1-10 and ANN KLEIN STAFF/ADMINISTRATORS 1-10 on this Count for damages, punitive damages, reasonable attorney's fees, interest, and costs of suit.

COUNT IV

STATE STATUTORY VIOLATIONS AGAINST ALL DEFENDANTS

1. Plaintiff, LINDA PRATT, repeats the allegations of Counts I – III in their entirety, and incorporates the same by reference as if fully set forth at length herein.

18

2.  The acts complained of, *supra*, by Defendants, ANN KLEIN FORENSIC CENTER, ANCORA PSYCHIATRIC HOSPITAL, DR. ELAINE MARTIN, LINDA ELIAS, DR. DARIUSZ CHACINSKI, DR. BENITO MARTY, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. SAFEER ANSARI, ANN KLEIN DOCTORS 1-10, ANN KLEIN STAFF/ADMINISTRATORS 1-10, ANCORA DOCTORS 1-10, and ANCORA STAFF/ADMINISTRATORS 1-10, denied TARIK PRATT, an incompetent person, his state statutory rights under Title 30 of the New Jersey Statutes, particularly Secs. 4-24, 4-24.1, 4-24.2, 4-27.1, 4-27.13, 4-27.14, 4-27.16, and the Developmentally Disabled Rights Act, Secs. 6D-4, 6D-5 and 6D-9.

3.  As a direct and proximate result of the denial of his state statutory rights by Defendants, ANN KLEIN FORENSIC CENTER, ANCORA PSYCHIATRIC HOSPITAL, DR. ELAINE MARTIN, LINDA ELLIAS, DR. DARIUSZ CHACINSKI, DR. BENITO MARTY, UNKNOWN ANN KLEIN ADMISSIONS UNIT DOCTOR 2015, DR. SAFEER ANSARI, ANN KLEIN DOCTORS 1-10, ANN KLEIN STAFF/ADMINISTRATORS 1-10, ANCORA DOCTORS 1-10, and ANCORA STAFF/ADMINISTRATORS 1-10, as aforesaid, TARIK PRATT, an incompetent person, suffered from seclusion, restraints, physical injury from beatings, contraction of MRSA, disease and infection from lack of hygiene, extreme cold, visual loss from the loss of his prescription eyeglasses, acne, disorientation and alteration of his metal state from overmedication on psychotropic drugs, weight loss, emotional distress and mental anguish.

WHEREFORE, Plaintiff, LINDA PRATT, seeks judgment against Defendants, ANN KLEIN FORENSIC CENTER, ANCORA PSYCHIATRIC HOSPITAL, DR. ELAINE MARTIN, LINDA

19

ELIAS, DR. DARIUSZ CHACINSKI, DR. BENITO MARTY, UNKNOWN ANN KLEIN

ADMISSIONS UNIT DOCTOR 2015, DR. SAFEER ANSARI, ANN KLEIN DOCTORS 1-10, ANN

KLEIN STAFF/ADMINISTRATORS 1-10, ANCORA DOCTORS 1-10, and ANCORA

STAFF/ADMINISTRATORS 1-10 on this Count for damages, punitive damages, reasonable

attorney's fees, interest, and costs of suit.

COUNT V

TITLE II OF THE ADA AND NJLAD VIOLATIONS AGAINST THE STATE INSTITUTIONS

1. Plaintiff, LINDA PRATT, repeats the allegations of Counts I – IV in their entirety, and
   incorporates the same by reference as if fully set forth at length herein.

2. In the course of being involuntarily civilly committed, as aforesaid, TARIK PRATT, an
   incompetent person, was secluded within the facility operated by Defendant, ANN
   KLEIN FORENSIC CENTER, and was disparately provided services by Defendants, ANN
   KLEIN FORENSIC CENTER and ANCORA PSYCHIATRIC HOSPITAL, in comparison to other
   service recipients.

3. TARIK PRATT, an incompetent person, was a qualified individual to reside with the
   general patient population within the facility operated by Defendant, ANN KLEIN
   FORENSIC CENTER, and to participate in receiving services to the same extent as other
   service recipients at Defendants' facilities.

4. The seclusion within the facility operated as ANN KLEIN FORENSIC CENTER subsequent
   to on or about September 16, 2011 of TARIK PRATT, an incompetent person, and his not
   being the recipient of services to the same extent as other service recipients at

20

Defendants' facilities, as aforesaid, *supra,* was unjustified and without legitimate reason.

5. By unjustifiably confining TARIK PRATT, an incompetent person, in seclusion within the facility known as ANN KLEIN FORENSIC CENTER subsequent to on or about September 16, 2011, and by not providing him services to the same extent as other service recipients, Defendants, ANN KLEIN FORENSIC CENTER and ANCORA PSYCHIATRIC HOSPITAL discriminated against TARIK PRATT, an incompetent person.

6. The seclusion of TARIK PRATT, an incompetent person, and the denial to him of services to the same extent as other service recipients by the Defendants, ANN KLEIN FORENSIC CENTER and ANCORA PSYCHIATRIC HOSPITAL, in the manner aforesaid, was by reason of his disability.

7. Defendant, ANN KLEIN FORENSIC CENTER, was aware of the unjust seclusion of TARIK PRATT, an incompetent person, and the disparate provision of services to him compared to services provided to other service recipients, because of notice given by the Plaintiff, LINDA PRATT, and reacted with deliberate indifference by failing to act despite that knowledge, thereby establishing that its discrimination was intentional.

8. Defendants, ANN KLEIN FORENSIC CENTER and ANCORA PSYCHIATRIC HOSPITAL, are a place of public accommodation for purposes of inclusion under the umbrella of Title II of the ADA and the NJLAD.

9. By discriminating against TARIK PRATT, an incompetent person, in the manner aforesaid,

21

Defendants, ANN KLEIN FORENSIC CENTER and ANCORA PSYCHIATRIC HOSPITAL,

violated the rights of TARIK PRATT, an incompetent person, under Title II of the ADA and

the NJLAD, N.J.S.A. 10:5-12(f)(1).

10. As a direct and proximate result of the discrimination against TARIK PRATT, an

incompetent person, by Defendants, ANN KLEIN FORENSIC CENTER, and ANCORA

PSYCHIATRIC HOSPITAL, as aforesaid, TARIK PRATT, an incompetent person, suffered

from punishment, seclusion, restriction on his freedom of movement, restraints,

physical injury from beatings, contraction of MRSA, disease and infection from lack of

hygiene, extreme cold, visual loss from the loss of his prescription eyeglasses, acne,

disorientation and alteration of his mental state from overmedication on psychotropic

drugs, weight loss, emotional distress and mental anguish.

WHEREFORE, Plaintiff, LINDA PRATT, seeks judgment against Defendants, ANN KLEIN

FORENSIC CENTER and ANCORA PSYCHIATRIC HOSPITAL, on this Count for damages,

punitive damages, reasonable attorney's fees, interest, and costs of suit.

COUNT VI

SECTION 503 OF THE ADA AND NJLAD VIOLATIONS AGAINST THE STATE INSTITUTION

1. Plaintiff, LINDA PRATT, repeats the allegations of Counts I – V in their entirety, and

incorporates the same by reference as if fully set forth at length herein.

2. The rights asserted by TARIK PRATT, an incompetent person, Count I, *supra*, were

protected rights under Section 503 of the ADA, 42 U.S.C. Section 12203, and the NJLAD,

22

N.J.S.A. 10:5-12d.

3. The aforesaid retaliatory conduct complained of in Count I, *supra*, denied TARIK PRATT, an incompetent person, a right protected by Section 503 of the ADA, 42 U.S.C. Section 12203, and the NJLAD, N.J.S.A. 10:5-12d to not be retaliated against for asserting a protected right.

4. The aforesaid conduct complained of in this Count on the part of the Defendant, ANN KLEIN FORENSIC CENTER, was motivated by retaliation and caused by protected activity.

5. As a direct and proximate result of the retaliation for the assertion of a protected right by Defendant, ANN KLEIN FORENSIC CENTER, as aforesaid, TARIK PRATT, an incompetent person, suffered from punishment, seclusion, restraints, restrictions, loss of freedom of movement, physical injury from beatings, contraction of MRSA, disease and infection from lack of hygiene, extreme cold, visual loss from the loss of his prescription eyeglasses, acne, disorientation and alteration of his mental state from overmedication on psychotropic drugs, weight loss, emotional distress and mental anguish.

WHEREFORE, Plaintiff, LINDA PRATT, seeks judgment against Defendant, ANN KLEIN FORENSIC CENTER, on this Count for damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

23

JURY DEMAND

Plaintiff, LINDA PRATT, demands a trial by jury on all issues which are triable by a jury in this action, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Peter Kober, Esq. is designated as trial counsel for Plaintiff, LINDA PRATT, in the above matter.

KOBER LAW FIRM, LLC
1876 GREENTREE RD
CHERRY HILL, NJ 08003

BY: ___s/ Peter Kober___
Peter Kober, Esq.

DATED: July 21, 2017

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2) it is hereby stated that the mater in controversy is the subject of an action pending in the federal court entitled Linda Pratt v. Ann Klein Forensic Center et al. under Civil Action No. 3:15-05779; and that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts of this certification.

KOBER LAW FIRM, LLC

BY: ___s/ Peter Kober___

DATED: July 21, 2017                        Peter Kober, Esq.

25